# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AAA, a Minor, by her next friend and parent, Amir Abdul-Alim and Hafsa Elarfaoui, and on their own behalf,<br><br>    Plaintiffs<br>v.<br><br>Clark County School District, and Dr. Rachael Davis,<br><br>    Defendants | Case No. 2:20-cv-00195-JAD-BNW<br><br>**Order Denying Motion for Entry of Default Against Davis and Granting Davis's Motion to Extend Time to Respond to the Complaint**<br><br>[ECF Nos. 18, 21] |

    This order resolves plaintiffs' motion for the entry of default against Dr. Rachael Davis and Davis's motion to reopen and extend the time for her to respond to the complaint.[1] I deny plaintiffs' motion for entry of default because I am not satisfied that Davis was properly served with process. But I do not require plaintiffs to re-serve Davis. Rather, I construe Davis's motion to extend time as a waiver of that defense, and because she has shown that her delay was caused by excusable neglect and there is good cause to do so, I grant her motion for that relief.

**I.    Motion for entry of default against Davis [ECF No. 18]**

    Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Proof that a party has failed to plead or otherwise defend necessarily entails proof that she was properly served with process. To properly serve an individual with process, Rule 4 of the Nevada Rules of Civil Procedure, which applied before this case was removed to federal court on January 29,

---

[1] ECF Nos. 18 (for entry of default), 21 (to reopen and extend time).

2020, requires the plaintiffs to obtain and serve a summons along with a copy of the complaint.[2] The federal rule also provides that "[a] summons must be served with a copy of the complaint."[3]

To show that Davis was properly served with process, plaintiffs provide the sworn declaration of Amir Abdul-Alim who declares that Davis "received a served copy and a mailed copy of her summons and complaint on January 6, 2020."[4] Mailing is not a viable method to serve an individual with process under either the federal or Nevada rules of civil procedure,[5] so what remains is Abdul-Alim's vague declaration that Davis was "served." Plaintiffs do provide an affidavit from their process server. But that affidavit shows that Davis was served with only a copy of the complaint, and it does not show that she was also served with the summons,[6] nor does it clearly state the way that Davis was served.[7] Based on this record, I am not persuaded that Davis was properly served with process. I therefore deny plaintiffs' motion for entry of default against her.

## II. Motion to reopen and extend time to respond to the complaint

Davis does not challenge service but instead moves to reopen and extend the time for her to respond to the complaint by February 28, 2020.[8] I construe Davis's motion as a waiver of her defense of insufficient process, so I do not require plaintiffs to re-serve her. As for the merits of

---

[2] Nev. R. Civ. P. 4(a)(b) & (c).
[3] Fed. R. Civ. P. 4(c)(1).
[4] ECF No. 18-1 at 5.
[5] *Compare* Nev. R. Civ. P. 4.2(a), *with* Fed. R. Civ. P. 4(e).
[6] ECF No. 13-1 at 6 (the box for "Complaint" has a check but the box for "Summons" does not).
[7] *Id.* at 6–7 (no box for any enumerated manner of service is checked but an address is listed in the section for "personal service per NRCP 4.2(a)(1)" and the section for "service on a business entity per NRCP 4.2(c)(1)(A)").
[8] ECF No. 21.

Davis's motion, this district's Local Rule IA 6-1(a) provides that a motion to extend time must state the reasons for the requested extension and, if the motion is "made after the expiration of the specified period[,] [then it] will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."

To explain the reason for her delay, Davis's attorney provides an affidavit stating that she was injured in a car accident on January 22—the day that Davis retained her services—and didn't return to full-time work until February 5.[9] Davis's attorney also states that her law firm fell victim to a cyber-attack on February 7, which caused a firm-wide lockout of essential systems and her ability to access the CM/ECF filing system until February 19.[10] Davis's attorney explains that, because of her injury and the firm's cyber-attack, she was unable to respond to plaintiffs' complaint on Davis's behalf or move the court to extend the time to do so. Davis has demonstrated that her failure to timely respond to the complaint is the product of excusable neglect and there is good cause to extend the deadline for her to do so.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for the entry of default against Davis **[ECF No. 18] is DENIED**.

IT IS FURTHER ORDERED that Davis's motion to reopen and extend the time for her to respond to plaintiffs' complaint **[ECF No. 21] is GRANTED**. Davis has **until February 28, 2020,** to answer or otherwise respond to plaintiffs' complaint.

_____
U.S. District Judge Jennifer A. Dorsey
February 21, 2020

---

[9] ECF No. 21 at 2, ¶ 5.
[10] *Id.* at 2–3, ¶¶ 6–7.