# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AAA, a Minor, by her next friend and parent, Amir Abdul-Alim and Hafsa Elarfaoui, and on their own behalf,<br><br>    Plaintiffs<br>v.<br><br>Clark County School District, and Dr. Rachael Davis,<br><br>    Defendants | Case No. 2:20-cv-0195-JAD-BNW<br><br>**Order Re: Unauthorized Filings**<br><br>[ECF Nos. 185, 186, 187] |

On August 17, 2020, Magistrate Judge Weksler entered a minute order denying plaintiff's "Motion for Good Faith Settlement" at ECF No. 178 and "Motion for Review of Bridgette Foley's Conduct" at ECF No. 179 because both motions were truly supplements to plaintiff's reply brief filed at ECF No. 175 and related to whether the court should grant fees as requested in now-dismissed defendant Rachel Davis's motion for attorney fees.[1] Plaintiff was instructed that "[i]f [he] would like the Court to consider the arguments in ECF Nos. 178 and 179, he is to file a motion seeking leave to supplement his reply at ECF No. 175, in accordance with LR 7-2(g), and attach his supplement as an exhibit" to that motion for leave. Instead of filing such a motion for leave, plaintiff simply refiled his motions with slightly different titles and some other minor alterations from their form at ECF Nos. 178 and 179. These two, fifteen-page documents entitled "Plaintiff(s)' Motion for Rewiew [sic] for the Relief from Order,"[2] and "Plaintiff(s)' Motion for Review of Sanctions for Bad Faith Disclosures for Brigette E. Foley Esq. (on behalf

---

[1] *See* minute order at ECF No. 184.

[2] ECF No. 186.

of Dr. Rachel Davis)"[3] are also identical of one another except for their titles and two sentences in their conclusions. Because the filing of these documents violates the magistrate judge's explicit instructions in the minute order at ECF No. 184, IT IS HEREBY ORDERED that these motions [ECF Nos. 186, 187] are again DENIED. I reiterate: if plaintiff wants the court to consider the arguments in these documents, he must file a "Motion for Leave to Supplement Reply at ECF 175" and attach those arguments in an exhibit to the motion for leave that is separately titled "Proposed Supplement to Reply at ECF No. 175."

The court also takes this opportunity to—yet again—caution the plaintiff against needless multiplication of the filings in this case. Due to numerous duplicative and unauthorized filings, the number of docket entries in this seven-month-old case has nearly reached the 200 mark (an extraordinary sum for litigation of this type and age), and this court is expending a grossly disproportionate amount of time and resources issuing docket-management orders in this case. **To further clarify the parties' document-filing restrictions under the rules of this court, IT IS HEREBY ORDERED that:**

1. **A request for a particular type of relief may be made <u>in just one motion</u>**, not in multiple motions, even if they have different titles;
2. The briefing of each motion consists of one motion, one opposition, and one reply brief <u>only</u>. **No party may file a surreply without first filing a motion asking for—and receiving an order granting—leave to file a surreply.**[4] Any motion requesting leave to file a surreply must attach the proposed surreply as an exhibit.

---

[3] ECF No. 187.

[4] *See* LR 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

2

3. **No party may file a supplement in support of any other document without first filing a motion asking for—and receiving an order granting—leave to file a supplement.**[5] Any motion requesting leave to file a supplement must attach the proposed supplement as an exhibit.

4. Because the court has now issued numerous orders outlining these limitations, any duplicative filings, surreplies, supplements, and other **documents that are not authorized by the rules of this court will be struck** without prior notice.

5. **Continued violations and abuses of the court's rules and this order may result in sanctions, up through and including claim-dispositive sanctions.** Plaintiff is cautioned that Rule 1 of the Federal Rules of Civil Procedure require the court to apply the rules of this court to "secure the just, speedy, and inexpensive determination of every action and proceeding," and the daily filing of repetitive docket entries frustrates that goal. Though the court is sensitive to plaintiff's pro se status, that status is not a license to abuse the litigation process and ignore the rules of this court. "Pro se litigants must follow the same rules of procedure that govern other litigants,"[6] and "one acting pro se has no license to harass others, clog the judicial machinery . . . , and abuse already overloaded court dockets."[7]

Finally, I consider "Plaintiff's Motion for Termination of ECF No. 182, as Filed in Error."[8] Plaintiff states that he did not file that document, so "Plaintiffs' [sic] respectfully move

---

[5] L.R. 7-2(g) ("Supplementation prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.").

[6] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

[7] *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 315 (5th Cir. 2020) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)).

[8] ECF No. 185.

that 182 is deemed 'terminated as filed in error.'"[9]  Because plaintiff represents that this document was not intended to be on the docket, IT IS HEREBY ORDERED that his request to terminate the filing at ECF No. 182 [ECF No. 185] is GRANTED in part; instead of "terminating" the document, the Court orders that it be STRUCK from the record as filed in error.

> **To summarize, IT IS HEREBY ORDERED that:**
>
> - "Plaintiff(s)' Motion for Rewiew [sic] for the Relief from Order," and "Plaintiff(s)' Motion for Review of Sanctions for Bad Faith Disclosures for Brigette E. Foley Esq. (on behalf of Dr. Rachel Davis)" **[ECF Nos. 186, 187] are DENIED**.  If plaintiff wants the court to consider the arguments in these documents, he must file a "Motion for Leave to Supplement Reply at ECF 175" and attach those arguments in an exhibit to the motion to leave that is separately titled "Proposed Supplement to Reply at ECF No. 175," as the court previously directed in the minute order at ECF No. 184;
> - "Plaintiff's Motion for Termination of ECF No. 182, as Filed in Error" **[ECF No. 185] is GRANTED in part; instead of "terminating" the document, the Court orders that it be STRUCK from the record** as filed in error; and

---

[9] *Id*. at 1.

4

- The plaintiff is reminded of the filing limitations imposed by the rules of this court and cautioned that further or abuses violations of those rules may result in sanctions that may include case-dispositive sanctions.

Dated: August 20, 2020

_____
U.S. District Judge Jennifer A. Dorsey