# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AAA, et al., | Case No. 2:20-cv-00195-JAD-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Clark County School District, et al., | |
| Defendants. | |

Presently before the court is Plaintiffs' motion to amend their complaint. ECF No. 345. Defendant responded at ECF No. 368, and Plaintiffs replied at ECF No. 375. For the reasons discussed below, the Court grants Plaintiffs' motion.

Defendant did not timely oppose Plaintiffs' motion, as Plaintiffs note. ECF No. 375 at 2-3. On January 15, 2021, the Court held a hearing and ordered that Plaintiffs had until January 29, 2021 to file a motion to amend, if they wished to do so. ECF No. 322. The Court further ordered that any response was due by February 10, 2021. *Id.* Plaintiffs filed their motion to amend on January 29, 2021, as ordered. ECF No. 345. Defendant did not file its opposition until February 17, 2021, in violation of the Court's order. ECF No. 368.[1] Accordingly, the Court need not consider Defendant's untimely response and grants Plaintiffs' motion on this basis. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."); *Brown v. Bechtel Nevada Corp.*, No. 2:12-CV-02129-GMN, 2013 WL 663039, at \*2 (D. Nev. Feb. 21, 2013) (finding the court need not consider defendant's untimely

---

[1] The Court observes that CM/ECF generated a response deadline of February 17, 2021, which may have been why Defendant filed its response late. *See* ECF No. 345. However, under LR IC 3-1(d), "[f]iling deadlines listed in Notices of Electronic Filing are provided as a courtesy only. To the extent these deadlines conflict with a court order, the court order controls." As such, this Court's February 10, 2021 deadline controlled, and Defendant's response was untimely.

response); *Schemkes v. Presidential Limousine*, No. 2:09-CV-1100-GMN-PAL, 2011 WL 868182, at *1, n.2 (D. Nev. Mar. 10, 2011) (refusing to consider untimely response).

Additionally, even if the Court considered the merits of Defendant's response, it would still grant Plaintiffs' motion to amend. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id.* And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). Here, Defendant did not meet its burden to show that amendment should not be granted. Defendant's substantive argument in opposition to Plaintiffs' motion to amend is one paragraph and perfunctory. ECF No. 368 at 3-4. Given the perfunctory nature of Defendant's argument and the generous standard for granting leave to amend, Defendant failed to carry its burden to show that amendment should be denied.

Although the Court grants Plaintiffs' motion to amend, it reminds the parties that it recently extended discovery deadlines and the Court's order and the new discovery deadlines remain the same. ECF No. 415. The Court does not intend to continue extending discovery deadlines.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to amend (ECF No. 345) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file ECF No. 345-1.

**IT IS FURTHER ORDERED** that to the extent the Department of Education has last known addresses for the newly named defendants, it must file these addresses under seal with the Court by April 16, 2021. Plaintiffs will receive a copy of these addresses and will be required to effect service as usual.

**IT IS FURTHER ORDERED** that the Clerk of Court shall review the proposed summonses at ECF No. 345-3. "If the summons[es] [are] properly completed, the clerk must sign, seal, and issue [them] to the plaintiff[s] for service on the defendant[s]." *See* Fed. R. Civ. P. 4(b).

DATED: April 13, 2021.

                                        BRENDA WEKSLER
                                        UNITED STATES MAGISTRATE JUDGE