UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AAA, et al.,

    Plaintiffs

v.

Clark County School District, et al.,

    Defendants

Case No.: 2:20-cv-00195-JAD-BNW

**Order Resolving Motions and Objections**

[ECF Nos. 227, 331, 333, 334, 346, 352, 362, 365, 382]

    Plaintiff AAA, through and alongside her next friend and parent Amir Abdul-Alim, as well as her mother Hafsa Elarfaoui, sues the Clark County School District and a slew of defendants for allegedly violating the Constitution and for failing to provide AAA a free, appropriate public education under the Individuals with Disabilities in Education Act.[1]  The unprecedented onslaught of filings in this case leaves me to address four motions for reconsideration of Magistrate Judge Brenda Weksler's scheduling and discovery orders,[2] a single motion for default masquerading as two motions,[3] two motions to dismiss,[4] and a motion for an extension of deadlines.[5]  I find that AAA's objections to the magistrate judge's orders are meritless and overrule them.  I next deny the motion for default because AAA had not yet properly served certain defendants.  And because AAA has filed another amended complaint, I

---

[1] ECF No. 420 (second amended complaint).  I refer to the plaintiffs as AAA and use a male pronoun in this order for simplicity's sake.

[2] ECF Nos. 227, 331, 346, 382.

[3] ECF Nos. 333, 334.

[4] ECF Nos. 352, 365.

[5] ECF No. 362.

deny without prejudice the defendants' motions to dismiss and deny as moot AAA's motion for a deadline extension.

## Discussion

**I.     Objections to the magistrate judge's orders**

Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge "to hear and determine any pretrial matter"—including scheduling orders and discovery disputes—"pending before the court."[6] A judge may reconsider any pretrial matter under this section when it has been shown that the magistrate judge's order "is clearly erroneous or contrary to law."[7] A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed."[8] An order is contrary to law when it fails to apply or misapplies relevant statutes, cases, or procedural rules.[9] AAA's objections to the magistrate judge's orders are baseless.

**A.     Objections to scheduling-motion denial [ECF Nos. 227][10]**

Magistrate Judge Weksler did not err when she denied AAA's motion for a second amended discovery plan and scheduling order. As the magistrate judge correctly noted, AAA's

---

[6] 28 U.S.C. § 636(b)(1)(A); *Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting that courts have "broad discretion" to "permit or deny discovery").

[7] 28 U.S.C. § 636(b)(1)(A).

[8] *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[9] *Cf. Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

[10] AAA filed a reply in support of his objection without leave of the court. *See* ECF No. 247. I do not consider his reply in my decision and remind AAA that he is required to follow this district's local rules. L.R. IB 3-1(a) ("Replies will be allowed only with leave of court."); IB 3-2(a) (same).

motion did not seek to modify the parties' schedule; it merely parroted, in motion form, the deadlines already established in this matter.[11]  AAA does not point out any legal or factual error in the magistrate judge's order.[12]  Instead, AAA seemingly petitions this court to modify the schedule "for good cause with the judge's consent."[13]  Not only is an objection to the magistrate judge's order an improper vehicle to request a schedule modification, but AAA does not actually identify any dates that he would like altered.  So I overrule his objection.

### B.  Objection to motion-to-strike denial [ECF No. 331]

AAA's objection to Magistrate Judge Weksler's denial of his unopposed motion to strike is similarly unsupported.  Federal Rule of Civil Procedure 12(f) permits a party to strike any "redundant, immaterial, impertinent, or scandalous" matter.[14]  AAA's motion to strike the defendants' briefing fails to identify any materials falling within that definition, and instead appears to litigate the parties' discovery disputes.  As before, AAA does not argue that the magistrate judge legally or factually erred in denying the motion, but asserts that because the motion was unopposed, it must be granted under this court's local rules.  While Local Rule 7-2(d) indicates that the failure to oppose a motion "constitutes a consent to the granting of the motion," it does not require the court to grant a meritless motion.[15]  So I deny this objection as well.

---

[11] *Compare* ECF No. 224, *with* ECF No. 214.
[12] ECF No. 227.
[13] *Id.* at 1.
[14] Fed. R. Civ. P. 12(f).
[15] *See* L.R. 7-2(d).

### C. Objection to deadline-extension grant [ECF No. 346][16]

AAA argues that Magistrate Judge Weksler erred when she granted defendant Jesus Jara additional time to respond to the amended complaint, arguing that Jara's professed inability to respond earlier strains credulity.[17] While I am sympathetic to AAA's frustration over the slow course of litigation, there are no factual or legal errors in the magistrate judge's scheduling decision. As Magistrate Judge Weksler correctly noted, Jara had until January 22, 2021, to respond to AAA's complaint (despite the response-deadline ambiguity created by AAA's deficient waiver of service) and, given the challenges posed by the ongoing COVID-19 pandemic, Jara demonstrated "good cause" to extend his response deadline.[18] So I overrule AAA's objection.

### D. Objection to scheduling-motion denial [ECF No. 382]

The magistrate judge did not err when she denied AAA's fourth amended discovery plan and scheduling order. Again, AAA does not point out a legal or factual error in the order, arguing instead that (1) Magistrate Judge Weksler has developed a "pattern" of denying his motions and (2) he was merely attempting to comply with her request for a new scheduling order and discovery plan.[19] While Magistrate Judge Weksler has denied AAA's motions, she has not done so without cause; as she correctly notes, AAA does not provide a compelling reason to modify the parties' full schedule and is welcome to seek extensions of or modifications to

---

[16] As before, I do not consider AAA's impermissible reply brief, ECF No. 374, under Local Rule IB 3-1(a).
[17] ECF No. 346.
[18] ECF No. 343.
[19] ECF No. 382.

individual dates.[20]  And AAA is wrong when he says that Magistrate Judge Weksler requested a new scheduling order.  She did not.[21]  So I overrule this objection as well.

## II.     Motion for default [ECF Nos. 333, 334]

AAA requests that the Clerk of Court enter default against Jara, Daniel Ebihara, Robert Weires, Barbara Fair, Sonya Holdsworth, Armine Darmandjian, Melody Thompson, Rachel Jacobi, and Markos Stoumbis.  Rule 55(a) states that "[w]he a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[22]  Proof that a party has failed to plead or otherwise defend necessarily entails proof that he or she was properly served with process.  Rule 4 governs service, requiring that "[a] summons must be served with a copy of the complaint."[23]

Of the defendants against whom AAA seeks default, only Jara appears to have been properly served.[24]  Under the federal rules, a plaintiff may serve a defendant by "following state law for serving a summons," "delivering a copy of the summons and of the complaint to the individual personally," leaving a copy of each at the individual's dwelling or usual place of

---

[20] ECF No. 378.

[21] Any such "request" is automatically generated by the filing of a motion to dismiss, and thus does not automatically require the plaintiff to file a new scheduling order.  *See, e.g.*, ECF Nos. 352 (motion to dismiss), 365 (motion to dismiss).

[22] Fed. R. Civ. P. 55(a).

[23] *Id.* at 4(c)(1).

[24] On January 19, 2021, a summons was issued to these defendants—only 6 days prior to AAA prematurely seeking default against them.  *See* ECF No. 323.  AAA claims that, on January 25, 2021, which is the same day he filed this motion for default, he served these defendants by having a process server leave the summons with Pat Monroe, for the attention of the school district's counsel, at "the building of CCSD Office of the General Counsel."  *See* ECF No. 338 at 2.  While this issue is not squarely before me, this affidavit does not assure me that AAA has properly served the defendants under the federal rules.

abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[25] In his motion, AAA claims that he served defendants because (1) the defendants consented to removal; and (2) he mailed a waiver of service to the Clark County School District's attorney "on behalf of its employees" who are thus "considered served."[26] To AAA's first argument, removal alone does not ensure that the defendants have been served; the statute governing removal of federal-question cases merely requires that those *who have already been served* consent to removal.[27] Removal does not perform AAA's job for him. And as for the second argument, AAA has not established that the school district is empowered to accept service on behalf of "all" its employees, and AAA cannot effectuate service by mail under the federal rules.[28] I have explained this to AAA before in nearly identical circumstances.[29] So I decline to direct the Clerk of Court to enter default against these defendants.

There is also no reason to enter default against Jara. Jara accepted service and filed a waiver of process on January 8, 2021—a deadline tacitly permitted by AAA, who failed to specify an earlier date to accept waiver in his waiver-of-service request.[30] And Jara timely

---

[25] Fed. R. Civ. P. 4(e)(1)–(2).

[26] *See* ECF No. 364 at 6–7.

[27] 28 U.S.C. § 1446(b)(2)(A).

[28] *See* Fed. R. Civ. P. 4.

[29] ECF No. 25 at 2 ("Mailing is not a viable method to serve an individual with process under either the federal or Nevada rules of civil procedure.").

[30] *See* ECF Nos. 264 at 1 ("To avoid these expenses, you must return the signed waiver within (give at least 30 days) from the [sic] November 25, 2020, the date when this request was sent."); 311.

responded to AAA's complaint on February 5, 2021, by filing a motion to dismiss.[31] So I deny AAA's motion for default.

### III. Motions to dismiss and for extension of time [ECF Nos. 352, 362, 365]

On April 13, 2021, AAA was granted leave to file a second amended complaint.[32] Because this complaint supersedes his previous allegations, I deny the defendants' Rule 12(b)(6) motions without prejudice to their ability to re-urge those motions in response to any continued or new deficiencies in AAA's amended complaint. I dent as moot AAA's motion for an extension of time to respond to one of those now-defunct motions to dismiss.

### IV. Admonishments

Finally, I address the tone and tenor of this litigation. Rule 11 requires both attorneys and unrepresented parties to avoid litigation tactics designed to "harass, cause unnecessary delay, or needlessly increase the cost of litigation," while cautioning parties to pursue claims "warranted by existing law."[33] Failure to follow this rule will result in sanctions.[34] Title 28 U.S.C. § 1927 also authorizes the court to sanction a pro se litigant who, in bad faith, unreasonably and vexatiously "multiplies the proceedings in any case."[35]

AAA's conduct is the very type that these rules are designed to curb and address. This relatively straight-forward action, which was removed to this court in January 2020, has ballooned in size, rivalling the number of filings generally reserved for complex, multi-district

---

[31] ECF No. 352.

[32] ECF No. 420.

[33] Fed. R. Civ. P. 11(b)(1)–(2).

[34] *Id.* at 11(c).

[35] 28 U.S.C. § 1927; *Wages v. I.R.S.*, 915 F.2d 1230, 1236 (9th Cir. 1990) ("[S]ection 1927 sanctions may be imposed upon a pro se plaintiff.").

litigation matters. Of the 422 entries on the docket, roughly 56% have been initiated by AAA, including objections to Magistrate Judge Weksler's orders, repeated demands that both she and I recuse ourselves, requests for different judges, motions to strike, motions to compel, motions to amend, motions for default, motions for discovery, motions for sanctions, and motions for review.[36] At least fourteen of these are motions for reconsideration. The court has held ten extensive hearings to address the ever-mounting motions. And many of AAA's filings fail to follow the local or federal rules and are often wholly meritless, severely straining court resources and stymying the administration of justice.[37] Should this continue, I will order AAA to show cause why his multiplication of the proceedings in this action has not violated Rule 11(b) or § 1927, meriting sanctions.[38]

## Conclusion

IT IS THEREFORE ORDERED that AAA's motions for reconsideration and review **[ECF Nos. 227, 331, 346, 382] are OVERRULED.**

IT IS FURTHER ORDERED that AAA's motions for default **[ECF Nos. 333, 334] are DENIED.**

IT IS FURTHER ORDERED that the defendants' motions to dismiss **[ECF Nos. 352, 365] are DENIED WITHOUT PREJUDICE.**

. . .

---

[36] *See, e.g.*, ECF Nos. 9, 42, 55, 59, 70, 82, 95, 97, 98, 111, 187, 215.
[37] *See, e.g.*, ECF Nos. 38, 40, 117, 170.
[38] *See* Fed. R. Civ. P. 11(c)(3).

IT IS FURTHER ORDERED that AAA's motion to extend time **[ECF No. 362]** is **DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 16, 2021