# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

AAA, et al.,

Plaintiffs,

v.

Clark County School District, et al.,

Defendants.

Case No. 2:20-cv-00195-JAD-BNW

**ORDER**

Presently before the Court is a motion to stay discovery by Defendants DOE (the State of Nevada, Department of Education, Jhone Ebert, Will Jensen, Connie Torres) and DOE Hearing Officers (Elizabeth Ashley, Jamie Resch, and Perry Zirkel). ECF No. 479.[1] Plaintiff opposed at ECF No. 491, and Defendants replied at 497.

**I.      Background**

Plaintiff alleges that AAA, a minor, was discriminated against based on her disability, as she was denied her Free and Appropriate Education ("FAPE") as required under the Individuals with Disabilities Education Act ("IDEA"). The complaint was first filed on December 27, 2019 against the Clark County School District and was removed to federal court on January 29, 2020. On April 13, 2021, Plaintiff filed an amended complaint adding DOE Defendants and DOE Hearing Officers as new defendants. See ECF No. 420. Plaintiff's claims against these defendants include a Title II Americans with Disabilities Act (ADA) claim, a Civil Rights claim (42 U.S.C. § 1983), and a Rehabilitation Act of 1973 § 504 claim.

DOE Defendants and DOE Hearing Officers have since moved to dismiss the case. ECF No. 446. In general terms, Defendants argue that this case should be dismissed because the amended complaint is not properly pled such that relief can be granted, there are exhaustion

---

[1] ECF No. 479 is the amended motion. The original motion is at ECF No. 467.

1 failures, and defendants are immune from suit. In addition, defendants argue Plaintiff's parents,
2 who are non-attorneys, do not have standing to bring this motion. Lastly, Defendants argue that
3 discovery deadlines have lapsed, barring plaintiff from propounding any discovery on these
4 defendants.

5 In light of Defendants' pending motion to dismiss, they filed the instant motion.

## II. Analysis

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

When a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

Here, Defendants requested a stay of discovery because they have a potentially dispositive motion pending which can be decided without additional discovery. ECF No. 77. The Court took a preliminary peek at Defendants dispositive motions and is convinced that Plaintiffs will be unable to proceed against these defendants.

The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state. *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984). Nevada has not consented to suit by expressly waiving its Eleventh Amendment immunity. Nev.Rev.Stat. § 41.031(3). As a result, the Eleventh Amendment bars this lawsuit against the DOE Defendants. Likewise, DOE Hearing Officer Defendants, who were performing quasi-

judicial functions, are entitled to immunity. *Butz v. Economou*, 438 U.S. 478, 513 (1978); *see also Romano v. Bible*, 169 F.3d 1182, 1186-87 (9th Cir. 1999).[2]

The Court will not provide a further, in-depth analysis of its evaluation of the motion to dismiss. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this Court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this Court's role is to evaluate the propriety of an order staying or limiting discovery . *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

In addition, principles underlying Fed. R. Civ. Pro. 1 dictate the same result. As explained by defendants, discovery deadlines have lapsed, barring plaintiff from propounding any discovery on these defendants.

Accordingly, in the Court's broad discretion, it will grant Defendants' request to stay discovery because it is convinced Defendants will succeed on their dispositive motion.

**IT IS THEREFORE ORDERED** that Defendants' motion (ECF No. 479) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' motion (ECF No. 467) is DENIED as moot.

DATED: August 9, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] Given this determination, the Court does address any of the other bases on which defendants rely to dismiss plaintiffs' claims.