**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AAA, a minor, by her next friends and parents, Amir Abdul-Alim and Hafsa Elarfaoui, and on their own behalf,

    Plaintiffs

v.

Clark County School District, et al.,

    Defendants

Case No.: 2:20-cv-00195-JAD-BNW

**Order Dismissing AAA's Claims Without Prejudice and Denying Abdul-Alim's Motion for Release of Bond**

[ECF Nos. 540, 542]

    Pro se plaintiffs Amir Abdul-Alim and Hafsa Elarfaoui sued the Clark County School District in 2020, alleging that the district's education of their minor daughter, AAA, violated the Individuals with Disabilities Act and section 504 of the Rehabilitation Act. In 2022, I granted summary judgment in the district's favor, finding that any IDEA violation "did not significantly impede the plaintiffs' parental participation or deprive AAA of a" free, appropriate, public education.[1]

    AAA's parents appealed, and on July 3, 2024, the Ninth Circuit affirmed the substance of the judgment for the district. But because AAA's parents could not represent her pro se (and AAA didn't have counsel), the panel vacated the judgment on AAA's claims and directed this court to instead dismiss those claims without prejudice.[2] And Abdul-Alim now moves for a "release of bond" which appears to be a request for a refund of the docketing fee he paid for his appeal.[3]

---

[1] ECF No. 526 at 1.

[2] ECF No. 540 at 5.

[3] ECF No. 542. Abdul-Alim cites Nevada Rule of Appellate Procedure 39(e) in support of his motion. *Id.* at 1. Because this case is being litigated in federal court and under federal law, I liberally construe Abdul-Alim's motion as one seeking relief under the analog federal procedural

1    Abdul-Alim's request for a refund is denied. The Federal Rules of Appellate Procedure (FRAP) dictate how costs are taxed following an appeal. FRAP 39 counsels that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders."[4] The Ninth Circuit awarded "costs on appeal to the district as the substantially prevailing party" in this case and taxed $142.40 in costs against Abdul-Alim.[5] Abdul-Alim seems to believe that he is entitled to a refund of the appellate docketing fee he paid minus that amount.[6] But "costs on appeal taxable in the district court" may be awarded only to the "party entitled to costs."[7] In this case, the Ninth Circuit ordered that only the district is so entitled. So Abdul-Alim is not entitled to the return of any fees paid to pursue his appeal.

   To the extent Abdul-Alim believes his docketing fee is a "bond" that must be released back to him, he is mistaken. The docketing fee charged to file an appeal is not a bond, nor is it refundable. The only way to receive a return of the fees and costs associated with an appeal is to have those costs taxed as a prevailing party.[8] The Ninth Circuit has ruled that the prevailing party here is the district. So Abdul-Alim is not entitled to a refund of the costs associated with his appeal.

---

rules. Federal Rule of Appellate Procedure 39(e) is the federal-court equivalent of the Nevada rule that Abdul-Alim relies on.

[4] Fed. R. App. P. 39(e)(4).

[5] ECF Nos. 540, 541.

[6] *See* ECF No. 542 at 2.

[7] Fed. R. App. P. 39(e).

[8] *See id.* at 39(e)(4).

**Conclusion**

IT IS THEREFORE ORDERED that, to effectuate the Ninth Circuit's instruction on remand [ECF No. 540], **the prior judgment [ECF No. 527] is vacated to the extent that it entered judgment against AAA**. AAA's claims against the school district are instead **DISMISSED without prejudice**. All other aspects of the judgment remain unchanged.

IT IS FURTHER ORDERED that Abdul-Alim's motion for release of bond **[ECF No. 542] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2024